IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:20-cv-00549-GCM

| | |
|---|---|
| **RAPIDCOURT, LLC,**<br><br>     Plaintiff,<br><br>v.<br><br>**RLI INSURANCE COMPANY,**<br><br>     Defendant. | **CONSENT PROTECTIVE ORDER** |

  THIS MATTER is before the Court on the Consent Motion for Protective Order (the "Motion") filed by the parties on February 23, 2021. It appears to the Court that discovery and the trial of this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use.

  THEREFORE, it is hereby ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery or otherwise in this action:

  1. Certain information and documents to be produced by the parties and by non-parties may contain information claimed by one or more of the parties to this action or the person or entity producing documents to constitute trade secrets or otherwise contain proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unnecessary disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

  2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Order shall include, without limitation, all documents or

information, whether in hard copy or electronic form, designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formally or informally, regardless of whether said information is produced or disclosed by a party, by any affiliated person or entity, formerly affiliated person or entity, or by a non-party pursuant to subpoena, request, or other directive.

3. All information designated "CONFIDENTIAL" in accordance with the terms of this Order (as set forth below) and disclosed in this action shall be used by the parties receiving such information solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

4. <u>Production by Non-Parties.</u> Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" by the procedures set forth herein. Information so designated and produced by non-parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

5. <u>Discovery Material</u>. "Discovery Material" shall mean and include any document (whether in hard copy or electronic form), object, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any party and any non-party producing Discovery Material may, in good faith, designate Discovery Material as "CONFIDENTIAL." Discovery Material designated "CONFIDENTIAL" shall contain non-public proprietary information, whether personal or

business-related; information protected from disclosure by contractual obligations with third parties; or information protected from disclosure by law.

6. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including the judicial officer assigned to any motion or hearing regarding this matter, court reporters, non-court employed stenographic reporters and videographers utilized by the parties during discovery, and court personnel);

(b) The attorneys of record (who are not employees of a corporate party), their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c) Plaintiff and Defendant and their affiliates, and their respective officers, directors, members, managers and employees to whom disclosure is reasonably necessary for purposes of prosecuting or defending this litigation, and any reinsurer, accountant, actuary, auditor, or regulator to whom the receiving party (or its Counsel) has an obligation to report and/or provide access to its files (provided however that nothing in this Paragraph 6(c) shall override Paragraph 15 below);

(d) During their depositions in this action, witnesses to whom disclosure is reasonably necessary;

(e) Consulting or testifying experts and their staff and litigation support personnel, jury or trial consultants, jury- or trial-related professional vendors, and their respective staff retained by Outside Counsel in this litigation; and

(f) Any mediator and/or arbitrator selected with the consent of all parties or by the Court;

(g) Any other person as to whom the designating party agrees in writing prior to such disclosure.

7. <u>Designating Documents</u>. A party desiring to designate documents as "CONFIDENTIAL" shall place or affix on such document a "CONFIDENTIAL" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number of each page of a document. In the case of computer, audiovisual, or other electronic or magnetic media, such notice shall be placed on the media and their protective cover, if any. If, due to the nature of the information in question, and/or the manner in which it is produced, it is impossible or impractical to physically affix a designation on the information itself, the party designating such information as "CONFIDENTIAL" shall specifically identify in a contemporaneous companion written communication the documents or objects so designated.

8. Prior to disclosure of Discovery Materials designated as "CONFIDENTIAL" to any third parties described in paragraph 6.(d), (e) and (g) above, counsel for the party seeking disclosure shall require such persons to read and agree to comply with the terms of this Order, provided however that counsel for the party seeking disclosure need not obtain such an agreement from any person in paragraph 6.(d) employed on behalf of the producing party. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party be provided access to information designated as "CONFIDENTIAL" by the other Party, absent further order of the Court or consent of the Party designating that information as "CONFIDENTIAL."

(a) Nothing in this paragraph 8 shall be deemed to enlarge or restrict the right of any party to conduct discovery of any expert.

(b) Nothing in this Order shall be construed as requiring that the identity of routine outside suppliers of litigation support services, such as photocopying, scanning, or coding, graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel.

9. <u>Procedure at Depositions</u>. Testimony given at a deposition may be designated "CONFIDENTIAL" by indicating on the record at the deposition or hearing, based on a good-faith belief that the designation complies with the provisions of this Protective Order, that the information is "CONFIDENTIAL" and is subject to the provisions of this Order.

(a) In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of information designated as "CONFIDENTIAL," the question shall nonetheless be answered by the witness fully and completely. However, before the witness answers, all persons present, other than the witness, who are not included within those persons identified in paragraph 6 shall leave the room. Further, for persons otherwise included within those persons identified in paragraph 6, but not already bound by this Protective Order, they shall either acknowledge on the record their agreement to abide by the terms of this Order, in which event they may remain in the room, or otherwise shall leave the room during the time in which information designated as "CONFIDENTIAL" is disclosed or discussed. When any document or other material designated as "CONFIDENTIAL" is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit contains such information. No deposition exhibit marked as "CONFIDENTIAL" shall be provided to any person to whom disclosure is not otherwise permitted by this Protective Order, provided,

however, that any witness who, in the ordinary course, authored, received, or sent a deposition exhibit marked as "CONFIDENTIAL" may be provided, for purposes of examination, with a copy of that exhibit during a deposition whether or not he or she is bound by this Protective Order.  The fact that a Party, witness, or producing party has not objected to designation of all or any portion of the deposition transcript as "CONFIDENTIAL" during the deposition itself does not waive such Party's, witness's, or producing party's right to object to any such designation and seek release of that transcript from the terms and provisions of this Protective Order pursuant to paragraph 18.  If a party elects to designate documents or testimony as CONFIDENTIAL at a deposition, that party will do so in a manner so as not to interfere with the examination of the witness.

10. <u>Procedure at Hearing</u>.  At a hearing a counsel seeking to elicit testimony or to question a witness about, or discuss, a document or transcript designated as "CONFIDENTIAL," shall advise the Court in advance of such questioning about counsel's intentions so that the Court may properly determine what measures to put in place to safeguard the confidential nature of the information to be discussed.

11. <u>Designation of Deposition and Hearing Transcripts</u>. All portions of the transcript of a deposition or hearing containing information designated as "CONFIDENTIAL" shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Parties may also designate testimony in a deposition to be "CONFIDENTIAL" by notifying the deposing party in writing within twenty-one days of the receipt of the transcript of those pages and lines or those exhibits that are claimed to be "CONFIDENTIAL."  Transcripts may be immediately reviewed by persons other than the deponent, limited only by on-the-record designations of "CONFIDENTIAL" material, to which the provisions of this Protective Order will apply.  If a party designates material "CONFIDENTIAL" following the conclusion of a deposition, the

material will begin to be treated pursuant to the provisions of this Protective Order at the time notice is provided.

12. <u>Filing with the Court</u>. Any Party or non-party that seeks to file information designated as "CONFIDENTIAL" shall, pursuant to Local Rule 6.1(b), file that document under seal using the Court's electronic filing system. The filing of any such document under seal is without prejudice to the right of any Party or non-party to challenge the designation of such document or to request the unsealing of such document.

13. <u>Inadvertent Disclosure of Confidential Information with Improper Designation by Designating Person</u>. Delivery by a producing Party or person of documents containing confidential information without properly designating the documents as "CONFIDENTIAL" at the time of its production shall not on that basis constitute a waiver of protection of such information, provided that the disclosing person or its counsel promptly notifies all receiving persons upon realizing the failure to properly designate, specifically identifying the documents claimed to be "CONFIDENTIAL". Any person who is notified that confidential information has been inadvertently produced without proper designation shall treat the information as if it had been appropriately designated as "CONFIDENTIAL" unless and until the Court determines upon proper request by an affected party or person that such designation is improper. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the information that such material shall be treated and handled in accordance with this Protective Order and to recover all copies of such confidential information in the possession of a person not within the group of persons identified in paragraph 6. Disclosure by a receiving Party, prior to designation as "CONFIDENTIAL," of information that has been produced without designation but is subsequently designated as "CONFIDENTIAL," shall not be a violation of this Protective Order.

7

Case 3:20-cv-00549-GCM   Document 16   Filed 02/24/21   Page 7 of 14

14. <u>Inadvertent Production of Privileged or Protected Information.</u> Inadvertent disclosure or production of Discovery Materials that are subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, immunity, or protection. Any party who has received such Discovery Materials, upon learning that such Discovery Materials are subject to a claim of privilege, whether through its own review of such materials or upon request of the producing or another party, shall no later than 10 business days from either learning of the inadvertent production or receiving a written request by the producing or other party for the return of the inadvertently produced Discovery Materials, either: (a) destroy or return such Discovery Materials to the party who produced them, and not retain or keep any copy, electronic copy, hard copy, or otherwise, of the Discovery Materials or notes regarding the Discovery Materials or their contents; or (b) provide notice to the producing party that the receiving party intends to seek a ruling from the Court that such Discovery Materials are not subject to any Privilege and are not subject to return and reclamation, and meet and confer and file any such motion as soon as practicable thereafter.

15. <u>Notification of Subpoenas.</u> In the event that any person, who has received or is in possession of, information designated as "CONFIDENTIAL" produced by another Party or a non-party, subsequently receives from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such information, that person (to the extent permitted by law to do so) shall immediately notify in writing all other parties including the person who designated the material as "CONFIDENTIAL", specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to provide the designating person and other affected parties, to the extent possible, the opportunity to

intervene and seek to prohibit the disclosure of the material or obtain protection of such information. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, or as otherwise required by law, in no event shall any person produce or disclose "CONFIDENTIAL" information before notice is given to the person who designated such material as "CONFIDENTIAL."

16. Violation by any person or entity of any term of this Order may be punishable as contempt of court in the Court's discretion upon a proper showing. Any person or entity that produces "CONFIDENTIAL" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law.

17. <u>Disclosure of Confidential Information By Receiving Party</u>. If a Party or other person receiving "CONFIDENTIAL" information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Protective Order, such receiving Party or person shall immediately: (i) notify in writing the person who designated the information as "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the confidential information; and (iii) inform the person or persons to whom unauthorized disclosure was made of the terms of this Protective Order.

18. Nothing in this Order shall be taken as assent by a non-designating party that designated information is in fact "CONFIDENTIAL" or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, nor shall it prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or

information subject to discovery or otherwise provided in this action. If counsel for the non-designating party believes that a confidentiality designation is not appropriate or justified, counsel for the non-designating party may notify counsel for the designating party of its belief that the information should or should not be so designated or should or should not be disclosable to persons other than those allowed by this Order. A party shall not be obligated to challenge the propriety of a designation or non-designation at the time the designation is originally made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be in writing, shall be delivered by e-mail to counsel for the designating party, shall be provided contemporaneously to all other parties to this litigation, and shall particularly identify the documents or information that the non-designating party contends should be differently designated. The parties shall use their best efforts to resolve such disputes promptly and informally. If the parties do not reach agreement on the correct designation of the information within ten business days of service of a challenge (as extended by agreement of all affected parties), the non-designating party may file a motion setting forth the non-designating party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation or non-designation shall remain in place and treated consistently with the terms of this Order.

19. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, object or item: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential information; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party

claims to be privileged shall be governed by the facts and applicable law.

20. <u>Use at Hearing or Trial</u>.  The Parties and any other person who has designated documents as "CONFIDENTIAL" shall have the right to request that any hearing, trial, or portions of any hearing or trial involving the use or presentation of "CONFIDENTIAL" information be conducted *in camera*.  The business of the Court, however, is presumptively open, and the person making any such request shall bear the burdens of proof and persuasion to overcome that presumption.

21. Conclusion of Litigation.  At the conclusion of this litigation, any Party or person (other than those persons identified in paragraph 6(a), (b), and (f)) in possession of information designated as "CONFIDENTIAL" not produced or designated by that Party or person shall either: (a) make commercially reasonable efforts to destroy all copies of any document, file, or other material that contains or reflects such confidential information within sixty calendar days of the disposition or final termination of this case (or if a post-hearing motion or appeal is filed, sixty calendar days after the disposition of those matters); or (b) continue to retain that information pursuant to and bound by the terms of this Order to the extent and as required by statute or regulation after which statutorily- or regulatorily-required period all information designated "CONFIDENTIAL" shall be destroyed; provided, however, that RLI shall be entitled to retain that information pursuant to and bound by the terms of this Order to the extent such information is part of RLI's claim file or associated coverage litigation file and as required by RLI's document retention policy, after which all information designated "CONFIDENTIAL" shall be destroyed. Outside Counsel for a Party may retain archival copies of all case materials, subject to the conditions of this Protective Order.  Nothing in this Paragraph shall permit Outside Counsel, the

11

Parties, or anyone else associated with the case from requesting that the Clerk of Court remove anything from the official court file, unless required by law or Court order.

22. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a)    the parties agree should not be designated as "CONFIDENTIAL";

    (b)    Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

    (c)    Was lawfully possessed by the non-designating party prior to the date of this Order, or comes into the non-designating party's legitimate knowledge independently of the production by the designating party and independently of any breach of this Order.

23. Nothing in this Order shall preclude any party or non-party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater or lesser confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure or other applicable law.

24. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" information that it has produced or disclosed in this litigation.

25. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any information designated as "CONFIDENTIAL" where the parties to this action (and, if applicable, a non-party producing and designating such information) consent, or if the Court, on motion filed by the party seeking to make such disclosure, orders that disclosure may be made in accordance with any applicable law.

26. <u>Survival.</u> This Order shall continue in full force and effect after the termination of

this litigation, including all appeals, and the Court shall retain jurisdiction necessary to interpret and enforce the provisions of this Order. The entry of this Protective Order shall be without prejudice to the rights of any person to apply for additional or different protection where it is deemed appropriate. This Protective Order is subject to modification or termination by the Court upon a showing of good cause. Ultimate disposition of protected materials is subject to final order of the Court upon completion of litigation.

27. <u>Notices</u>. All notices required or permitted to be provided by this Protective Order shall be made by email to each party's below-designated counsel.

Signed: February 24, 2021

*[signature]*

Graham C. Mullen
United States District Judge

Agreed and Consented to this the 23rd day of February, 2021.

/s/R. Steven DeGeorge
R. Steven DeGeorge
N.C. State Bar No. 20723
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-8380
sdegeorge@rbh.com

*Attorneys for Plaintiff RapidCourt, LLC*

/s/ Joseph A. Bailey III
Joseph A. Bailey III (admitted *pro hac vice*)
DC Bar No. 477982
CLYDE & CO US LLP
1775 Pennsylvania Avenue, NW 4th Floor
Washington, D.C. 20006
Telephone: (202) 747-5117
joseph.bailey@clydeco.us

*Attorneys for Defendant RLI Insurance Company*